# EXHIBIT 95

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; AND SCOTT ZINN; individually and on behalf of other similarly situated, | CASE NO. 8:16cv381-JFB-SMB |
| Plaintiffs, | **DECLARATION OF WILLIAM ALARCON** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

I, William Alarcon, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am thirty-six years old. I have been an employee of Union Pacific since 2005, most recently as a Yardman and Trainman.

3.      On or about January 2017, I suffered a pseudoaneurysm – or "false aneurysm" – in my brain. My treating physician perform a coil embolization of the blood vessel where the pseudoaneurysm occurred in order to prevent further harm from occuring. My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating neurologist, Dr. Charles Stout, has medically cleared me to return to work without restrictions.

5.      On or about January 2017, Union Pacific required me to undergo a fitness for duty evaluation because I requested leave after going to the hospital with numbness in my hand

1

and a tingling sensation around my mouth. During this process, Union Pacific requested my medical records.

6.       On or about February 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from performing work at unprotected heights over four feet; working on or near moving Union Pacific equipment and machinery, including trains; operating Union Pacific equipment and machinery; and operating Union Pacific company vehicles.

7.       Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.       Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Dated: August __15__ 2018

_____ .
William Alarcon

2

# Signature Certificate



 Document Reference: ZWP8DDJ922P2ZESJE7SW4N



**William Alarcon**
Party ID: ZLUVZ3JPI45BDLHKERMIDJ
IP Address: 174.212.10.70

| VERIFIED EMAIL: | willalarcon@aol.com |



Multi-Factor
**Digital Fingerprint Checksum**     0b49d0fc205f49d7b5f9172cb57c60693b1198c2



| **Timestamp** | **Audit** |
| --- | --- |
| 2018-08-15 20:16:07 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, William Alarcon, and Daniel Burnett. |
| 2018-08-15 20:16:06 -0700 | Document signed by William Alarcon (willalarcon@aol.com) with drawn signature. - 174.212.10.70 |
| 2018-08-15 20:10:29 -0700 | Document viewed by William Alarcon (willalarcon@aol.com). - 174.212.10.70 |
| 2018-08-15 10:19:58 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; AND SCOTT ZINN; individually and on behalf of other similarly situated, | CASE NO. 8:16cv381-JFB-SMB |
| Plaintiffs, | **DECLARATION OF LEONARD BARKMEIER** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

I, Leonard Barkmeier, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 52 years old. I have been an employee of Union Pacific since November 2003, most recently as a Conductor.

3.      I have color vision deficiency. My medical records and clinical test results in Union Pacific's possession, including the Ishihara Test for Color Deficiency, contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, in the past, I passed Union Pacific's color vision testing each time I completed my FRA certification. My treating physician also cleared me take a re-test.

5.      On or around July 2015, Union Pacific required me to undergo a fitness for duty evaluation as part of my routine FRA certification.

1

6.     On or around August 2015, Union Pacific placed medical restrictions on me, despite the fact no Union Pacific physician ever examined or treated me. The restrictions prohibited me from work in positions requiring accurate color signal recognition.

7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.     Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Date: Aug 8 2018                          _Leonard Barkmeier_

                                          Leonard Barkmeier

2

# Signature Certificate

 **Document Reference:** `364YDSJFBJTM6ZCXIA8VHT`





**Leonard Barkmeier**
Party ID: K8EJEXIKF5C4JJHMRDK64D
IP Address: 174.217.11.113

| VERIFIED EMAIL: | ljbarkmeier@gmail.com |

Electronic Signature:



Multi-Factor
**Digital Fingerprint Checksum**    `6fae553257f226cd5590d0ca97bbffc15b286b3d`

| Timestamp | Audit |
|---|---|
| 2018-08-08 16:05:26 -0700 | All parties have signed document. Signed copies sent to: Leonard Barkmeier and Sherick Francois. |
| 2018-08-08 16:05:26 -0700 | Document signed by Leonard Barkmeier (ljbarkmeier@gmail.com) with drawn signature. - 174.217.11.113 |
| 2018-08-08 15:59:18 -0700 | Document viewed by Leonard Barkmeier (ljbarkmeier@gmail.com). - 174.217.11.113 |
| 2018-08-08 15:57:23 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |

 This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

CASE NO. 8:16cv381-JFB-SMB

Plaintiffs,

**DECLARATION OF
RAMIRO BARRERA**

v.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

I, Ramiro Barrera, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am thirty-seven years old. I have been an employee of Union Pacific since 2012, most recently as an Engineer.

3.      On or about July 2014, I fainted as a result of dehydration and heat exhaustion. This required me to go to the emergency room. My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my medical providers have determined that I am physically fit and may perform my work duties without restrictions.

5.      On or about July 2014, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

1

6.      On or about September 2014, Union Pacific placed permanent medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from operating Union Pacific company vehicles and equipment; working on or near moving trains, freight cars, or locomotives; operating cranes, hoists, or other machinery; and working at unprotected heights over four feet above the ground.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      Since Union Pacific held me out of service, I began working as a civilian avionics mechanic for the Air Force. My current position requires that I regularly perform tasks that are at least as physically strenuous as the work I performed as an engineer, including work out of doors. Nonetheless, I have not experienced any loss of consciousness, lightheadedness, or fainting symptoms since Union Pacific held me out of service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Dated:  _8/02/2018_, 2018          _____
                                   Ramiro Barrera

# Signature Certificate



🔒 Document Reference:   E4ANDPIJJILPESBLCCXVDN



**Ramiro Barrera**
Party ID: LNEVRKJIC4S3H2NXPHYKF5
IP Address: 68.207.2.247

| VERIFIED EMAIL: | ramelibarrera@gmail.com



| Multi-Factor
**Digital Fingerprint Checksum** | `f1dcb0759e8f1aeda11cfb4a55e71ce9ae22f928` | 

| **Timestamp** | **Audit** |
|---|---|
| 2018-08-02 01:34:51 -0700 | All parties have signed document. Signed copies sent to: Charlie Delbridge, Ramiro Barrera, and Daniel Burnett. |
| 2018-08-02 01:34:50 -0700 | Document signed by Ramiro Barrera (ramelibarrera@gmail.com) with drawn signature. - 68.207.2.247 |
| 2018-08-02 01:28:32 -0700 | Document viewed by Ramiro Barrera (ramelibarrera@gmail.com). - 68.207.2.247 |
| 2018-08-01 15:12:05 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; AND SCOTT ZINN; individually and on behalf of other similarly situated, | CASE NO. 8:16cv381-JFB-SMB |
| Plaintiffs, | **DECLARATION OF TOM BARTELS** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

I, Tom Bartels, under oath state and declare as follows:

1.     I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.     I am fifty-one years old. I have been an employee of Union Pacific since 1989, most recently as a Locomotive Engineer.

3.     I have hereditary hearing loss and I am mostly deaf in one ear, which I correct with a cochlear implant. I was initially diagnosed with hearing loss when I was in my twenties. My medical records contain information about my condition.

4.     My medical status did not prevent me from performing my job at Union Pacific. In fact, I have passed Union Pacific's hearing tests many times over the years, and since 2010 I have passed the tests with the use of my cochlear implant and hearing aids. Further, Union Pacific has been aware of my condition for at least twenty years, during which time I have worked effectively and without incident.

5.       On or about September 2015, Union Pacific required me to undergo a fitness for duty evaluation after I failed my hearing test as part of my FRA re-certification. During the test, I was not permitted to use my cochlear implant or hearing aids; I had always been allowed to use them in prior tests. During this process, I provided Union Pacific with medical records from my audiologist.

6.       On or about September 2015, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from working in a position requiring FRA certification.

7.       Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.       I was removed from my job for four months, without pay, before Union Pacific finally let me go back to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated:  August 14, 2018                              _Tom Bartels_____
                                                    Tom Bartels

2

# Signature Certificate

 **Document Reference:** EVCVIHJKKJWUCRUT4YRRMK





**Tom Bartels**
Party ID: PHTLYEJKR4GJYCGKG47FT5
IP Address: 24.143.26.35

VERIFIED EMAIL: tpbartels@hotmail.com





**Multi-Factor**
**Digital Fingerprint Checksum**  e83c5118e0cdb27297da2fcb5d1466fd4be4df48

| Timestamp | Audit |
|---|---|
| 2018-08-14 05:34:16 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Tom Bartels, and Daniel Burnett. |
| 2018-08-14 05:34:15 -0700 | Document signed by Tom Bartels (tpbartels@hotmail.com) with drawn signature. - 24.143.26.35 |
| 2018-08-14 05:30:57 -0700 | Document viewed by Tom Bartels (tpbartels@hotmail.com). - 24.143.26.35 |
| 2018-08-10 14:20:44 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

              Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

              Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
MARK BRASIER**

I, Mark Brasier, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 40 years old. I have been an employee of Union Pacific since 2004, most recently as an Engineer.

3.      On or around November 2015, I was diagnosed with a brain tumor, and that December I had surgery to remove it. My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, after recovery from surgery, my treating physician and multiple specialists cleared me to return to work.

5.      In the summer of 2016, after I sought to return to work, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

1

6.      On or about September 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from operating cranes, hoists, company vehicles, freights cars, machinery, or locomotives, and prohibited me from working near mobile equipment, or fork-lifts. In addition, the restrictions prohibited me from work requiring critical decision making and work without adherence to HMS protocol. Finally, the restrictions prohibited me from work at unprotected heights above 4 feet.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      Since Union Pacific has held me out of service, I've worked for two railroads, including a class I railroad, both of which were aware of my condition.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated:___8/09/2018___        _____

                               Mark Brasier

2

# Signature Certificate

 Document Reference: `ZIK5AMJVZ5ZW7SUD5ZYL55`





**Mark Brasier**
Party ID: DRZAE7I2M23HFTB2HXPVXH
IP Address: 12.49.90.210

| VERIFIED EMAIL: | markbrasier@gmail.com |



Electronic Signature:

| Multi-Factor Digital Fingerprint Checksum | `fcbe1ad65324cd885128613c4967be06b3eb35aa` |  |

| Timestamp | Audit |
|---|---|
| 2018-08-09 15:10:16 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Mark Brasier, and Daniel Burnett. |
| 2018-08-09 15:10:15 -0700 | Document signed by Mark Brasier (markbrasier@gmail.com) with drawn signature. - 174.214.12.82 |
| 2018-08-09 11:42:24 -0700 | Document viewed by Mark Brasier (markbrasier@gmail.com). - 12.49.90.210 |
| 2018-08-09 09:30:40 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; AND SCOTT ZINN; individually and on behalf of other similarly situated, | CASE NO. 8:16cv381-JFB-SMB |
| Plaintiffs, | **DECLARATION OF MATHEW BRAY** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

I, Mathew Bray, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 49 years old. I have been an employee of Union Pacific since 1998, most recently as a Locomotive Engineer.

3.      I have pigmentary glaucoma, for which I had surgery on my right eye. My medical records contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my condition is controlled by medication, my treating physician cleared me to return to work, and I have lived with the condition for many years without any incident.

5.      On or around October 2016, Union Pacific required me to undergo a fitness for duty evaluation as part of the process to return to work after my right eye surgery. During this process, Union Pacific requested my medical records.

1

6.      On or about October 2016, Union Pacific also placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from me from working as a locomotive engineer and conductor permanently.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: _____   August 14, 2018

_____
Mathew Bray

2

# Signature Certificate



 **Document Reference:** `T9VTT6I2R36YK3YK6BTFU8`



**Mathew Bray**
Party ID: DVULEMISFIYWJJWUIN2XC9
IP Address: 174.255.150.225

VERIFIED EMAIL: onebullet28@hotmail.com


Electronic Signature:

| Multi-Factor **Digital Fingerprint Checksum** | `7b18b151eb41e4a7dad8ef28f201e8c5d6108e1b` |  |
| --- | --- | --- |

| Timestamp | Audit |
| --- | --- |
| 2018-08-14 17:10:37 -0700 | All parties have signed document. Signed copies sent to: Dan Burnett, Mathew Bray, and Sherick Francois. |
| 2018-08-14 17:10:36 -0700 | Document signed by Mathew Bray (onebullet28@hotmail.com) with drawn signature. - 174.255.150.225 |
| 2018-08-14 17:05:47 -0700 | Document viewed by Mathew Bray (onebullet28@hotmail.com). - 174.255.150.225 |
| 2018-08-10 13:13:31 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; AND SCOTT ZINN; individually and on behalf of other similarly situated, | CASE NO. 8:16cv381-JFB-SMB |
| Plaintiffs, | **DECLARATION OF MIKE BRAY** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

I, Mike Bray, under oath state and declare as follows:

1.       I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.       I am fifty-six years old. I have been an employee of Union Pacific since 2004, most recently as a Locomotive Engineer.

3.       I have color vision deficiency. My medical records and clinical test results in Union Pacific's possession, including the Ishihara Test for Color Deficiency, contain information about my condition.

4.       My medical status did not prevent me from performing my job at Union Pacific. In fact, I have passed Union Pacific's color vision testing each time I completed my FRA recertification in the past, until Union Pacific recently changed its color vision testing protocol to use a "Light Cannon" test. Further, I have worked with color deficiency for my entire career with Union Pacific without any safety incident or misread signal.

5.      On or about October 2017, Union Pacific required me to undergo a fitness for duty evaluation as part of my routine FRA recertification.

6.      On or about October 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from working in any job that requires FRA certification.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Dated:  __8_____        _____
                                         Mike Bray

2

# Signature Certificate



🔒 **Document Reference:**   WLAN26IG728B8D2ECKN9W6



**Mike Bray**
Party ID: 3HC2XAJEYL7M8L9J826IJE
IP Address: 107.77.200.6

| VERIFIED EMAIL: | md-bray@sbcglobal.net |



Electronic Signature:

| Multi-Factor Digital Fingerprint Checksum | 3b57a5fadd44bb31ebcd0e08d78da04b91a7ba42 |



| Timestamp | Audit |
|---|---|
| 2018-08-03 19:28:44 -0700 | All parties have signed document. Signed copies sent to: Charlie Delbridge, Mike Bray, and Daniel Burnett. |
| 2018-08-03 19:28:43 -0700 | Document signed by Mike Bray (md-bray@sbcglobal.net) with drawn signature. - 107.77.200.6 |
| 2018-08-03 19:26:42 -0700 | Document viewed by Mike Bray (md-bray@sbcglobal.net). - 107.77.200.6 |
| 2018-08-02 08:40:55 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

          Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

          Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF**
**BRIAN KANE**

I, Brian Kane, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 33 years old. I have been an employee of Union Pacific since 2005, most recently as a Carman.

3.      I take the prescription medication, Vimpat and Keppra, to address that I have "auras," a form of epilepsy. My medical records contain information about medication, and my medication and my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, the condition is controlled through medication and my physician cleared me to return to work.

5.      On or about July 2016, Union Pacific required me to undergo a fitness for duty evaluation, after I "zoned out" while working and went to the hospital. During this process, Union Pacific requested my medical records.

6.     On or about November 16, 2016, Union Pacific placed medical restrictions on me, despite the fact no Union Pacific physician ever examined or treated me. The restrictions prohibited me from driving; operating cranes, hoists or machinery; working at unprotected heights over 4 feet above the ground; working on or near moving trains, freight cars, or locomotives; and from performing work where decisions or actions can affect the safety of others.

7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.     Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: __8/10/18_____                    _____
                                             Brian Kane

# Signature Certificate



🔒 **Document Reference:** S8C464JPA2ABV9MJ7PRTWC



**Brian Kane**
Party ID: 9PD8VRJF74EJMMMUGHV9SE
IP Address: 174.198.8.251

VERIFIED EMAIL: bkhurikane@yahoo.com



Electronic Signature:

Multi-Factor
**Digital Fingerprint Checksum**   316643191fcc3f2938529ba69466af34c65918f3



| Timestamp | Audit |
|---|---|
| 2018-08-10 14:10:47 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Brian Kane, and Daniel Burnett. |
| 2018-08-10 14:10:46 -0700 | Document signed by Brian Kane (bkhurikane@yahoo.com) with drawn signature. - 174.198.8.251 |
| 2018-08-10 14:08:26 -0700 | Document viewed by Brian Kane (bkhurikane@yahoo.com). - 174.198.8.251 |
| 2018-08-10 13:54:03 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

                Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF**
**ANTHONY BROLLINI**

I, Anthony Brollini, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 34 years old. I have been an employee of Union Pacific since August 2013, most recently as a Road Conductor.

3.      On or around December 2015, while off-duty, I fell and was hospitalized. I suffered two gashes on my forehead, a broken nose, and one broken rib. My medical records contain information about these events.  Union Pacific maintains that I also lost consciousness.

4.      My medical status, after healing, did not prevent me from fully and competently performing my job at Union Pacific. In fact, my treating physician cleared me to return to work. Union Pacific also paid doctors to test me, who found me to be capable of doing my job.

5.      On or around December 2015, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

1

6.      On or around March 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from: operating company vehicles, on-track, or mobile equipment, or forklifts; operating cranes, hoists, or machinery, work on or near moving trains, freight cars, or locomotives; and work at unprotected heights over 4 feet.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      I was removed from my job until January 2018.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: 8/09/2018 _____

_____
Anthony Brollini

2

# Signature Certificate

 **Document Reference:** 5AHGE5JHEJRG9JYRNDADSS


RightSignature
Easy Online Document Signing



Anthony Brollini
Party ID: XP4BIIJU9JFW4NHV2SB4L7
IP Address: 72.208.72.235

| VERIFIED EMAIL: | anthony.brollini@icloud.com |

Electronic Signature:


| Multi-Factor Digital Fingerprint Checksum | 19c5ff45de593ece929eefe9e8c8a984a3677fb3 |  |

| Timestamp | Audit |
|---|---|
| 2018-08-09 17:06:31 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Anthony Brollini, and Daniel Burnett. |
| 2018-08-09 17:06:31 -0700 | Document signed by Anthony Brollini (anthony.brollini@icloud.com) with drawn signature. - 72.208.72.235 |
| 2018-08-09 17:04:16 -0700 | Document viewed by Anthony Brollini (anthony.brollini@icloud.com). - 72.208.72.235 |
| 2018-08-09 13:25:31 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

          Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

          Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
DARRYL BULLOCK**

I, Darryl Bullock, under oath state and declare as follows:

      1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters state herein.

      2.      I am 57 years old. I have been an employee of Union Pacific since January 2013, most recently as a Welder.

      3.      In March of 2015, I had surgery to remove a brain tumor. Following my surgery, I took a short time to recover.  My medical records contain information about these events.

      4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating physician cleared me to return to work in early June 2015, after I recovered from the surgery.

      5.      On or about June 2015, Union Pacific also required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

      6.      On or about June 2015, Dr. Holland placed medical restrictions on me, despite the fact that neither he nor any other Union Pacific physician ever examined or treated me. The

1

restrictions prohibited me from: operating company vehicles, on-track, mobile equipment, or forklifts; operating cranes, hoists, or machinery; work on or near moving trains, freight cars, or locomotives; and work at unprotected heights over 4 feet.

7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.     I was removed from my job until December 2016.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Date: 8/14/2018

Darryl Bullock

2

# Signature Certificate

 Document Reference: G8UMXYI6ZL3CST5BPBTI9L





**Darryl Bullock**
Party ID: NPKNIZJYD4T8H565BIU8GY
IP Address: 172.58.37.128

| VERIFIED EMAIL: | dreamtaker36@yahoo.com

Electronic Signature:



| Multi-Factor Digital Fingerprint Checksum | 0d30cf37de34d5580ede44f692a93ff8d34c5b12 |  |

| Timestamp | Audit |
|-----------|-------|
| 2018-08-14 17:35:01 -0700 | All parties have signed document. Signed copies sent to: Dan Burnett, Darryl Bullock, and Sherick Francois. |
| 2018-08-14 17:35:00 -0700 | Document signed by Darryl Bullock (dreamtaker36@yahoo.com) with drawn signature. - 172.56.44.6 |
| 2018-08-14 15:21:16 -0700 | Document viewed by Darryl Bullock (dreamtaker36@yahoo.com). - 172.58.37.128 |
| 2018-08-14 15:18:33 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

                Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF**
**ROBERT CARLTON**

I, Robert Carlton, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 53 years old. I have been an employee of Union Pacific since November 1992, most recently as a Foreman General - Mechanical.

3.      On or about February of 2016 I suffered from a seizure.  On or about April 2016, I suffered another seizure and injured my shoulder.  My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, after a period of recovery my treating physician cleared me to return to work.

5.      Around that same time, Union Pacific required me to undergo a fitness for duty evaluation in order to return to work. During this process, Union Pacific requested my medical records.

1

6.     On or about November 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from operating company vehicles, on-track or mobile equipment or forklifts, operating cranes, or machinery; working at unprotected heights over 4 feet; and working on or around moving trains, freight cars, or locomotive; performing work where decisions or actions can affect the safety of others.

7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.     Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Date: 08/15/2018                                        _____
                                                        Robert Carlton

2

# Signature Certificate



 Document Reference:   G9J8CZJKG5NXSRTHBNPU4B



**Robert Carlton**
Party ID: 7ZGTP5II4I24A66K686DRN
IP Address: 104.218.68.198

VERIFIED EMAIL: oreo1868@yahoo.com



Multi-Factor
**Digital Fingerprint Checksum**   `ddc35e579d9a7cf2f52b822a3bfd4736febe4fbb`



| Timestamp | Audit |
|---|---|
| 2018-08-15 19:48:24 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Robert Carlton, and Daniel Burnett. |
| 2018-08-15 19:48:23 -0700 | Document signed by Robert Carlton (oreo1868@yahoo.com) with drawn signature. - 104.218.68.198 |
| 2018-08-15 19:46:16 -0700 | Document viewed by Robert Carlton (oreo1868@yahoo.com). - 104.218.68.198 |
| 2018-08-15 15:25:30 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

        Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

        Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
RAUL CERVERA**

I, Raul Cervera, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am thirty-one years old. I have been an employee of Union Pacific since 2011, most recently as a conductor and remote-control foreman.

3.      On or about May 2015, I was in a motorcycle accident and suffered a cranial fracture and a fractured collarbone, which required a period of recovery time. My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating neurologist and primary care physician have medically cleared me to return to work without restrictions.

5.      On or about May 2015, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

1

6.      On or about August 2015, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from operating Union Pacific company vehicles and equipment, working on or near moving trains, freight cars, or locomotives, operating cranes, hoists, or other machinery, and working at unprotected heights over four feet above the ground.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Dated: August __16__ 2018              _____
                                                                    Raul Cervera

2

# Signature Certificate



 Document Reference:  VLR5L7INGKLDMXKNMAD28R



**Raul Cervera**
Party ID: R5KKGUIIZ3ZC758WAKSKW2
IP Address: 172.58.109.18

| VERIFIED EMAIL: | rcerveza13@gmail.com |



| Multi-Factor Digital Fingerprint Checksum | 9f7204ca5fd570806819c6efda1fefa1404695ef |



| **Timestamp** | **Audit** |
|---|---|
| 2018-08-16 11:40:42 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Raul Cervera, and Daniel Burnett. |
| 2018-08-16 11:40:41 -0700 | Document signed by Raul Cervera (rcerveza13@gmail.com) with drawn signature. - 172.58.109.18 |
| 2018-08-16 11:28:16 -0700 | Document viewed by Raul Cervera (rcerveza13@gmail.com). - 172.58.109.18 |
| 2018-08-16 11:24:31 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

CASE NO. 8:16cv381-JFB-SMB

Plaintiffs,

v.

**DECLARATION OF
MICHAEL RYAN CUSHMAN**

UNION PACIFIC RAILROAD COMPANY,

Defendant.

I, Michael Ryan Cushman, under oath state and declare as follows:

1.       I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.       I am 45 years old. I have been an employee of Union Pacific since 1999, most recently as an Engineer.

3.       I have neurocardiogenic syncope. I was diagnosed with this condition in 2015. My medical records contain information about my condition.

4.       My medical status did not prevent me from performing my job at Union Pacific. In fact, I have been cleared to return to work without restrictions by at least six different treating physicians. Further, after a tilt-table test resulted in me being diagnosed with neurocardiogenic syncope, I was given a second tilt-table test, which I passed.

5.       On or about August 2015, Union Pacific required me to undergo a fitness for duty evaluation, after I passed out at work. During this process, Union Pacific requested my medical records.

1

6.      On or about November 2015, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from operating vehicles, fork-lifts, and locomotives, being around moving equipment or tracks, and working more than 4 feet off the ground.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      I am currently a facility supervisor for Freedom Terminal Services, where I handle Union Pacific trains and help load and unload tank cars. I am also medically eligible to obtain a commercial driver's license, as I obtained a Medicals Examiner's Certificate even after Union Pacific took me out of my job.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Dated:  08/03/2018                              _M R Cushman_

                                                Michael Ryan Cushman


2

# Signature Certificate



🔒 **Document Reference:**  `WVTA2UJCXJLM7J36SK44NX`



**Ryan Cushman**
Party ID: 76J45FITHKYK8WBM2A2M69
IP Address: 67.11.218.250

| VERIFIED EMAIL: | coledog95@yahoo.com |

Electronic Signature:



| Multi-Factor **Digital Fingerprint Checksum** | `c42b5cbd3fbb15e72779d36aa363221960809795` | |

| Timestamp | Audit |
|---|---|
| 2018-08-03 11:50:32 -0700 | All parties have signed document. Signed copies sent to: Charlie Delbridge, Ryan Cushman, and Daniel Burnett. |
| 2018-08-03 11:50:31 -0700 | Document signed by Ryan Cushman (coledog95@yahoo.com) with drawn signature. - 67.11.218.250 |
| 2018-08-03 11:43:07 -0700 | Document viewed by Ryan Cushman (coledog95@yahoo.com). - 67.11.218.250 |
| 2018-08-03 08:52:06 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; AND SCOTT ZINN; individually and on behalf of other similarly situated, | CASE NO. 8:16cv381-JFB-SMB |
| Plaintiffs, | **DECLARATION OF RONALD DANIEL** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

I, Ronald Daniel, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 47 years old. I have been an employee of Union Pacific since July 1991, most recently as a Crane Operator.

3.      On or about October 2015 I suffered from a stroke, which required hospitalization and rehabilitation. My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating physician cleared me to return to work.

5.      On or about January 2016, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

6.      On or about January 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from operating company vehicles, on-track or mobile equipment or forklifts;

1

working on or around moving trains, freight cars, or locomotives; operating cranes, hoists, or machinery; working at unprotected heights over 4 feet; and work in 1-man or 2-man gangs.

      7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

      8.     Union Pacific continues to refuse to return me to work.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: _8/16/2018_                    _____

                                   Ronald Daniel

2

# Signature Certificate



 **Document Reference:** FIAGSFJ8E3HJV4DLPCBVJT



**Ronald Daniel**
Party ID: SWL634IEG5TPIUPZB7HZJP
IP Address: 107.77.231.71

| VERIFIED EMAIL: | rhdan89@aol.com |

Electronic Signature:



| Multi-Factor Digital Fingerprint Checksum | cba3f9feb247663ce7ebb294669958cb4661acd4 |  |

| Timestamp | Audit |
| --- | --- |
| 2018-08-16 14:51:12 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Ronald Daniel, and Daniel Burnett. |
| 2018-08-16 14:51:12 -0700 | Document signed by Ronald Daniel (rhdan89@aol.com) with drawn signature. - 107.77.231.71 |
| 2018-08-16 14:40:22 -0700 | Document viewed by Ronald Daniel (rhdan89@aol.com). - 107.77.231.71 |
| 2018-08-16 14:39:43 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

                Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
TODD DEGEER**

I, Todd DeGeer, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 59 years old. I have been an employee of Union Pacific since 1978, most recently as a Conductor. I was initially hired by Southern Pacific Railroad, before it merged with Union Pacific.

3.      I have color vision deficiency. My medical records and clinical test results in Union Pacific's possession, including the Ishihara Test for Color Deficiency, contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, I have passed Union Pacific's color vision testing each time I completed my FRA recertification in the past, until Union Pacific recently changed its color vision testing protocol to use a "Light Cannon" test. Further, I have worked with my condition for many years without incident.

1

5.      On or about June 2017, Union Pacific required me to undergo a fitness for duty evaluation as part of my routine FRA recertification.

6.      On or about June 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from working in any job that requires FRA certification.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated:  August  9Th, 2018

Todd DeGeer

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

          Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

          Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF**
**NATHAN DERR**

I, Nathan Derr, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 26 years old. I have been an employee of Union Pacific since 2015 most recently as a Conductor.

3.      On or about November 2015, I was hit in the head by a steel door and lost consciousness while off of work and while on furlough.  My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating physician cleared me to return to work, and, since my injury, I have lived without incident.

5.      On or about April 2017, after Union Pacific returned me from furlough and I was undergoing training to work, I disclosed my prior injury to Union Pacific. Union Pacific required

1

me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

      6.      On or about April or May 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from: operating company vehicles, on-track or mobile equipment, or forklifts; operating cranes, hoists, or machinery; working on or near moving trains, freight cars or locomotives; performing work where decisions or actions can affect the safety of others or have significant impact on business operations; work at unprotected heights over 4 ft; performing work involving active control of trains or equipment.

      7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

      8.      Union Pacific continues to refuse to return me to work.

      9.      I currently have a class A commercial driver's license.


I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: 08/10/2018                                    

                                         Nathan Derr

# Signature Certificate



🔒 **Document Reference:**   34WIGTJG528G7DBX6FCUY4



**Nathan Derr**
Party ID: ZVUMYKJPJKU5GJCCLEAU48
IP Address: 74.197.193.190

| VERIFIED EMAIL: | natederr55@gmail.com |



Electronic Signature:

---

Multi-Factor
**Digital Fingerprint Checksum**    `1b781502a322456a855ac5aa7a6a5569d79251a1`



| **Timestamp** | **Audit** |
|---|---|
| 2018-08-10 14:00:47 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Nathan Derr, and Daniel Burnett. |
| 2018-08-10 14:00:46 -0700 | Document signed by Nathan Derr (natederr55@gmail.com) with drawn signature. - 74.197.193.190 |
| 2018-08-10 13:56:16 -0700 | Document viewed by Nathan Derr (natederr55@gmail.com). - 74.197.193.190 |
| 2018-08-10 13:41:10 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

CASE NO. 8:16cv381-JFB-SMB

Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

**DECLARATION OF
JUSTIN DONAHUE**

I, Justin Donahue, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am forty years old. I have been an employee of Union Pacific since 2006, most recently as a Conductor.

3.      According to Union Pacific's tests, I have color vision deficiency. My medical records and clinical test results in Union Pacific's possession, including the Ishihara Test for Color Deficiency, contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, I have passed Union Pacific's color vision testing each time I completed my FRA recertification in the past, until Union Pacific recently changed its color vision testing protocol to use a "Light Cannon" test. Further, I have worked for Union Pacific for many years without incident.

1

5.      On or about May 2017, Union Pacific required me to undergo a fitness for duty evaluation as part of my routine FRA recertification. During this process, Union Pacific requested my medical records.

6.      On or about May 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from performing any job that requires FRA certification.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      As part of my fitness for duty evaluation, Union Pacific requested that I be examined by an ophthalmologist at University of California, Berkeley. That ophthalmologist determined that I should not be considered color blind. Further, since being held out of service by Union Pacific, I began working as a locksmith. Because the tumblers used in locks are color coded, my current work requires that I be able to distinguish color and shades of colors from one another.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Dated:  August 15 , 2018                            _____
                                                                        Justin Donahue

2

# Signature Certificate



 Document Reference:   `44WJNNI3PIBZKII4JL3PY7`



**Justin Donahue**
Party ID: HUDHTYJVGJYMK3STGPTWTI
IP Address: 107.77.214.125

| VERIFIED EMAIL: | hayward969@gmail.com |

Electronic Signature:



| Multi-Factor Digital Fingerprint Checksum | `07e20fecc638b3000d4d1b0291684c9557702bfd` |

| Timestamp | Audit |
|-----------|-------|
| 2018-08-15 11:32:57 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Justin Donahue, and Daniel Burnett. |
| 2018-08-15 11:32:57 -0700 | Document signed by Justin Donahue (hayward969@gmail.com) with drawn signature. - 107.77.214.125 |
| 2018-08-15 11:13:48 -0700 | Document viewed by Justin Donahue (hayward969@gmail.com). - 107.77.214.125 |
| 2018-08-15 10:31:09 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

---

| | |
|---|---|
| QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; AND SCOTT ZINN; individually and on behalf of other similarly situated, | CASE NO. 8:16cv381-JFB-SMB |
| Plaintiffs, | **DECLARATION OF ROBERT FEGLER** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

---

I, Robert Fegler, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 45 years old. I have been an employee of Union Pacific since September 2010, most recently as a Signalman.

3.      On or about February 2009, a year before I applied for work at Union Pacific, I suffered a seizure. My medical records contain information about this event.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, I disclosed my seizure to Union Pacific when I started working there, and they hired me anyway, but restricted me from driving for seven years. Also, my treating physician cleared me to work with no restrictions.

5.      On or about July 2016, after the seven-year-restriction period had passed, I requested that Union Pacific remove the driving restrictions. Rather than doing so, Union Pacific

1

required me to undergo a fitness for duty evaluation. During this process, Union Pacific again requested my medical records.

6.      On or about July 2016, as a result of the fitness for duty evaluation, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from operating company vehicles, on-track or mobile equipment or forklifts; operating cranes, hoists, or machinery; working on or around moving trains, freight cars, or locomotives; working at unprotected heights over 4 feet; and working in 1- or 2-person gangs.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      From about April 2017 to about December 2017 I worked for another Class 1 railroad, doing the same thing I did for UP. I have a CDL, and was approved for that CDL despite my condition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: ___8/15/2018___                    _____
                                        Robert Fegler

2

# Signature Certificate



🔒 **Document Reference:**  Z288IIJL726SGE35YNCFWB



**Robert Fegler**
Party ID: RC9WSJJFGK9TDB3GC3HV8D
IP Address: 174.233.148.74

| VERIFIED EMAIL: | bfegler1@hotmail.com |

Electronic Signature:



| Multi-Factor **Digital Fingerprint Checksum** | 08414e439ad4fef0e065ab4d97ecb8d4e7151dfd |

| **Timestamp** | **Audit** |
| --- | --- |
| 2018-08-15 14:35:01 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Robert Fegler, and Daniel Burnett. |
| 2018-08-15 14:35:01 -0700 | Document signed by Robert Fegler (bfegler1@hotmail.com) with drawn signature. - 174.233.148.74 |
| 2018-08-15 14:31:21 -0700 | Document viewed by Robert Fegler (bfegler1@hotmail.com). - 174.233.148.74 |
| 2018-08-15 14:30:38 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

             Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

             Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
RALPH FREED**

I, Ralph Freed, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am fifty-five years old. I have been an employee of Union Pacific since 2002, most recently as a Conductor.

3.      I have mild color vision deficiency. My medical records and clinical test results in Union Pacific's possession, including results for the Ishihara Test for Color Deficiency, contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, I have passed Union Pacific's color vision testing each time I completed my FRA recertification in the past, until Union Pacific recently changed its color vision testing protocol to use a "Light Cannon" test. Further, I have worked for Union Pacific for many years with color vision deficiency without incident. In addition, I have been medically cleared to return to work by my ophthalmologist.

1

5.      On or about November 2017, Union Pacific required me to undergo a fitness for duty evaluation as part of my routine FRA recertification. During this process, Union Pacific requested my medical records.

6.      On or about November 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from working in any job that requires FRA certification.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      Since being held out of service by Union Pacific, I was hired as a switchman by a short line railroad based in California and operating in Texas.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated: August _10_ , 2018

_Ralph M. Freed_
Ralph Freed

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

              Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

              Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
MURRAY GARRETT**

I, Murray Garrett, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 49 years old. I have been an employee of Union Pacific since approximately 2001 or 2002, most recently as a Flagging Foreman.

3.      On or about July 2016, I was in a motorcycle collision, requiring multiple surgeries and resulting in a transient ischemic attack. My medical records contain information about these events.

4.      My medical status, after I healed, did not prevent me from performing my job at Union Pacific. In fact, my doctor cleared me to work.

5.      On or about May 2017, after I contacted Union Pacific about returning to work, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

6.      On or about May 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from driving; operating cranes, hoists, or machinery; work on or near moving trains, freight cars, or locomotives; and working on 1-man or 2-man gangs.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      I currently work as a contractor on Union Pacific property. I also have an up-to-date commercial driver's license.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: _08/15/18_____          _____

                                  Murray Garrett

# Signature Certificate



 Document Reference: S5M2THI8T29TPTVPMA95Y6



**Murray Garrett**
Party ID: D5BFDBI6P2GHBBR6XRPUE5
IP Address: 73.6.9.76

VERIFIED EMAIL: mgarrett9495@gmail.com



| Multi-Factor Digital Fingerprint Checksum | 4d33ba0f569a5378fd239db6c8365d2a8c33c20e |  |
|---|---|---|

| Timestamp | Audit |
|---|---|
| 2018-08-15 13:13:35 -0700 | All parties have signed document. Signed copies sent to: dan burnett, Murray Garrett, and Sherick Francois. |
| 2018-08-15 13:13:34 -0700 | Document signed by Murray Garrett (mgarrett9495@gmail.com) with drawn signature. - 73.6.9.76 |
| 2018-08-15 13:03:11 -0700 | Document viewed by Murray Garrett (mgarrett9495@gmail.com). - 73.6.9.76 |
| 2018-08-15 12:58:56 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; AND SCOTT ZINN; individually and on behalf of other similarly situated, | CASE NO. 8:16cv381-JFB-SMB |
| Plaintiffs, | **DECLARATION OF CARLOS HAGAR** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

I, Carlos Hagar, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am fifty-two years old. I have been an employee of Union Pacific since 1997, most recently as an engineer.

3.      On or about November 2016, I left work to go to the hospital because of a numbing sensation on my face and irritation over my right eye, requiring that I be held overnight for observation. I received an MRI and a CT scan, both of which my treating doctors determined were negative for signs of stroke. My medical records contain information about these events. Union Pacific alleges that I suffered a Transient Ischemic Attack, but to my knowledge I have not.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating medical providers cleared me to return to work without restrictions in November 2016.

1

5.      On or about November 2016, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

6.      On or about December 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from operating Union Pacific vehicles and equipment, working on or near moving equipment, including trains, freight cars, or locomotive, and working at unprotected heights over four feet above the ground.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      I was removed from my job without pay for approximately sixteen months.

9.      During the period I was held out of service by Union Pacific, I worked as a conductor for the North County Transit Coastal Commuter Line, and as a conductor and engineer for the San Joaquin Railroad short line. My duties for both companies were substantially similar to my duties as a conductor for Union Pacific.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Dated: August __17__, 2018                              _____

                                                        Carlos Hagar

# Signature Certificate



 **Document Reference:** `ZSDRNFIEIICJE4S26LM7KZ`



**Carlos Hagar**
Party ID: Y2XYXAI9WIZUC33A2VZCEE
IP Address: 24.24.253.39

VERIFIED EMAIL:  carlos.hagar@live.com

Electronic Signature:



Multi-Factor
**Digital Fingerprint Checksum**   `08d1e7dadd7c57d0c4244046d6658c51595d13bb`



| Timestamp | Audit |
|---|---|
| 2018-08-17 07:47:00 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Carlos Hagar, and Daniel Burnett. |
| 2018-08-17 07:46:59 -0700 | Document signed by Carlos Hagar (carlos.hagar@live.com) with drawn signature. - 24.24.253.39 |
| 2018-08-17 07:46:11 -0700 | Document viewed by Carlos Hagar (carlos.hagar@live.com). - 24.24.253.39 |
| 2018-08-17 07:45:50 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

CASE NO. 8:16cv381-JFB-SMB

Plaintiffs,

v.

**DECLARATION OF
DOUG HARPSTER**

UNION PACIFIC RAILROAD COMPANY,

Defendant.

I, Doug Harpster, under oath state and declare as follows:

1.   I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.   I am 45 years old. I have been an employee of Union Pacific since 1999, most recently as an Locomotive Engineer.

3.   I have color vision deficiency. My medical records and clinical test results in Union Pacific's possession, including results for the Ishihara Test for Color Deficiency, contain information about my condition.

4.   My medical status did not prevent me from performing my job at Union Pacific. In fact, I have passed Union Pacific's color vision testing each time I completed my FRA recertification in the past, until Union Pacific recently changed its color vision testing protocol to use a "Light Cannon" test. Further, I have worked with color vision deficiency for my entire career with Union Pacific without incident.

1

5.      On or about November 2017, Union Pacific required me to undergo a fitness for duty evaluation as part of my routine FRA recertification. During this process, Union Pacific requested my medical records.

6.      On or about November 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from working in any job that requires FRA certification.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      The Railroad Retirement Board denied my application for disability benefits because it found no medical reason I should be restricted from doing my job.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated: August  /0  , 2018

_Doug Harpster_

Doug Harpster

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; AND SCOTT ZINN; individually and on behalf of other similarly situated, | CASE NO. 8:16cv381-JFB-SMB |
| Plaintiffs, | **DECLARATION OF** |
| | **JAMES DARREN HAWKINS** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

I, James Darren Hawkins, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 49 years old. I have been an employee of Union Pacific since 1997, most recently as a Locomotive Engineer.

3.      On October 23, 2016, I was assaulted and suffered a head trauma injury, which required I take a medical leave of absence from work to recover. My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, I notified Union Pacific of the assault the day after it happened, and my treating physician has cleared me to return to work with no restrictions.

5.      On January 25, 2017, Union Pacific required me to undergo a fitness for duty evaluation as part of my return to work process. During this process, Union Pacific requested my medical records.

1

6.       On or about January 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from driving company vehicles, operating heavy equipment including folk-lifts, and working at heights above 4 feet. In addition, I am restricted from being around trains and rolling cars, and from holding a position where I must make critical safety decisions.

7.       Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.       Union Pacific continues to refuse to return me to work.

9.       I now work for company where I deliver unit trains to Union Pacific. This requires me to actually run locomotives on Union Pacific property, which I have been doing without incident.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: 08/15/2018

James Darren Hawkins

# Signature Certificate



🔒 **Document Reference:**   F6SNCZJSVJW2Y3MWXL5YW8



**James Hawkins**
Party ID: MIXAWRID524A22UVYBV57E
IP Address: 107.77.196.211

| VERIFIED EMAIL: | jdhawkins2000@yahoo.com |

Electronic Signature:



| Multi-Factor **Digital Fingerprint Checksum** | c33632d4c7b3bc46356503781e0f683d0efe25e1 |

| **Timestamp** | **Audit** |
|---|---|
| 2018-08-15 16:44:51 -0700 | All parties have signed document. Signed copies sent to: Dan Burnett, James Hawkins, and Sherick Francois. |
| 2018-08-15 16:44:50 -0700 | Document signed by James Hawkins (jdhawkins2000@yahoo.com) with drawn signature. - 98.20.36.102 |
| 2018-08-15 14:16:03 -0700 | Document viewed by James Hawkins (jdhawkins2000@yahoo.com). - 107.77.196.211 |
| 2018-08-15 14:15:23 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

CASE NO. 8:16cv381-JFB-SMB

Plaintiffs,

v.

**DECLARATION OF
JAMES HOFFMAN**

UNION PACIFIC RAILROAD COMPANY,

Defendant.

I, James Hoffman, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am forty-five years old. I have been an employee of Union Pacific since 2008, most recently as a brakeman and switchman.

3.      On or about March 2015, I sustained a traumatic brain injury when I fell down a flight of stairs and was rendered unconscious. My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating medical providers have cleared me to return to work without restrictions.

5.      On or about March 2015, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

6.      On or about December 2015, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions

1

prohibited me from operating Union Pacific company vehicles and equipment, working on or near trains, cars, or locomotives, operating cranes, hoists, or machinery, working at unprotected heights over four feet above the ground, and performing any work where decisions or actions can affect the safety of others or have a significant impact on business operations.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated: August ___9___, 2018

_James E. Hoffman_____
James Hoffman

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

               Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

               Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
CASEY HUNT**

I, Casey Hunt, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 28 years old. I have been an employee of Union Pacific since 2012, most recently as a Boom Truck Operator.

3.      On or about January 2017, I briefly lost consciousness while working a 30 hour shift. When I regained consciousness, I finished my shift, went home, and came to work the next day. My medical records contain information about these events.

4.      My medical status did not prevent me from fully and competently performing my job at Union Pacific. In fact, I was cleared to work by my doctor.

5.      On or about January 2017, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested that I be examined by my provider, and provide a statement of what happened.

1

6.      On or about April 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from driving; operating cranes, hoists, and forklifts; working at unprotected heights over 4 feet; and working on or around moving trains, freight cars, or locomotives.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      At the time I was removed and to date, I have maintained a valid commercial driver's license.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: 08/13/2018                    _____

                                    Casey Hunt

2

# Signature Certificate



 **Document Reference:**  UD7VP7J58356NEZDFZKZJR



**Casey Hunt**
Party ID: FSB2HIJUX4V5DH7IJC6DA9
IP Address: 174.208.3.252

| VERIFIED EMAIL: | chunt435@gmail.com |

Electronic Signature:



Multi-Factor
**Digital Fingerprint Checksum**   `aa059dbd02e12dbdfbd645667b771a5f3750f1ad`



| Timestamp | Audit |
|---|---|
| 2018-08-13 20:06:35 -0700 | All parties have signed document. Signed copies sent to: Dan Burnett, Casey Hunt, and Sherick Francois. |
| 2018-08-13 20:06:35 -0700 | Document signed by Casey Hunt (chunt435@gmail.com) with drawn signature. - 174.208.8.145 |
| 2018-08-10 13:42:32 -0700 | Document viewed by Casey Hunt (chunt435@gmail.com). - 174.208.3.252 |
| 2018-08-10 12:50:47 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |



This signature page provides a record of the online
activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

          Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

          Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF**
**WILLIAM HURD**

I, William Hurd, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 61 years old. I have been an employee of Union Pacific since 2006, most recently as a Chief Clerk.

3.      On or about September 28, 2016 I was attacked and suffered a head injury, which required I be hospitalized. My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, after a brief recovery period, my treating physicians cleared me to return to work with no restrictions.

5.      In September or October 2016, after I was injured, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

1

6.      In September or October 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from, among other things, operating company vehicles, on-track or mobile equipment or forklifts; operating cranes, hoists, or machinery; working on or around moving trains, freight cars, or locomotives; and working at unprotected heights over 4 feet.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      Since being held from service by Union Pacific, I am now working a job in which I drive railroad employees around to various railroad worksites.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: 08/16/2018 _____

William Hurd

2

# Signature Certificate



 **Document Reference:** `EW4VHXJW5L69ASP7AFJRHL`



**William Hurd**
Party ID: PPSGM8I6GJ2JKDI75ZIUVC
IP Address: 107.198.188.62

| VERIFIED EMAIL: | billhurdx911@netzero.com |

Electronic Signature:



| Multi-Factor Digital Fingerprint Checksum | `2a99a6656f8bd42a650590115b4cb51914977735` |  |

| Timestamp | Audit |
|---|---|
| 2018-08-16 06:22:44 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, William Hurd, and Daniel Burnett. |
| 2018-08-16 06:22:43 -0700 | Document signed by William Hurd (billhurdx911@netzero.com) with drawn signature. - 107.198.188.62 |
| 2018-08-16 06:18:29 -0700 | Document viewed by William Hurd (billhurdx911@netzero.com). - 107.198.188.62 |
| 2018-08-16 06:10:09 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online
activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

                Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
STEFAN HYATT**

I, Stefan Hyatt, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 32 years old. I have been an employee of Union Pacific since 2013, most recently as a Trainman.

3.      On or about July 2014, I had arthroscopic surgery on my shoulder to prevent dislocations of my shoulder. My medical records contain information about these events.

4.      My medical status, after I healed, did not prevent me from performing my job at Union Pacific. In fact, my treating physician cleared me to return to work.

5.      On or about December 2014, after my doctor cleared me to work, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

6.      On or about March 2015, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited

1

me from climbing ladders, lifting more than 20 pounds, and climbing on or off trains or locomotives.

      7.    Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job, although I was allowed to work as a security officer for a short time.

      8.    Union Pacific continues to refuse to return me to work as a Trainman.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: 8/16/2018

_____
Stefan Hyatt

2

# Signature Certificate



🔒 **Document Reference:**  KYZDV9I3U29EBYDP8EUGHW



**Stefan Hyatt**
Party ID: TDPXXYIUD2XYAHDKZ3T68J
IP Address: 76.174.195.69

VERIFIED EMAIL:  defcon1986@gmail.com



Electronic Signature:

| Multi-Factor<br>Digital Fingerprint Checksum | 59afaf3240337deb7343c02cf115073dbebe5e5f |  |

| Timestamp | Audit |
|-----------|-------|
| 2018-08-16 16:07:55 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Stefan Hyatt, and Daniel Burnett. |
| 2018-08-16 16:07:55 -0700 | Document signed by Stefan Hyatt (defcon1986@gmail.com) with drawn signature. - 76.174.195.69 |
| 2018-08-16 16:04:47 -0700 | Document viewed by Stefan Hyatt (defcon1986@gmail.com). - 76.174.195.69 |
| 2018-08-16 13:11:52 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

        Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

        Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF**
**LANCE JENKINS**

I, Lance Jenkins, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am forty-five years old. I have been an employee of Union Pacific since 2005, most recently as an Engineer.

3.      I have color vision deficiency. My medical records and clinical test results in Union Pacific's possession, including results for the Ishihara Test for Color Deficiency, contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, I have passed Union Pacific's color vision testing each time I completed my FRA recertification in the past, until Union Pacific recently changed its color vision testing protocol to use a "Light Cannon" test. Further, I have worked with color vision deficiency for years for Union Pacific without incident. In addition, I have been medically cleared to return to work by my ophthalmologist.

1

5.      On or about June 2016, Union Pacific required me to undergo a fitness for duty evaluation as part of my routine FRA recertification.

6.      On or about June 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from working in any job that requires FRA certification.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      As part of my fitness for duty evaluation, Union Pacific recommended that I be examined by an ophthalmologist at University of California, Berkeley. That ophthalmologist determined that I was capable of returning to work as an engineer. Further, the Railroad Retirement Board denied my application for disability benefits because it found no medical reason I should be restricted from doing my job.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated:  August ___10___, 2018

_____
Lance Jenkins

2

# Signature Certificate



 Document Reference:   47DYZLIIRJZTHLPKT8I4SU



**Lance Jenkins**
Party ID: ZV3VXCJXDKNDX6T7W967N4
IP Address: 75.169.29.18

| VERIFIED EMAIL: | sirjinx07@gmail.com



| Multi-Factor **Digital Fingerprint Checksum** | 3b09754efffb39f173ffbd06636120b958e9d16f |  |

| **Timestamp** | **Audit** |
|---|---|
| 2018-08-10 14:08:57 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Lance Jenkins, and Daniel Burnett. |
| 2018-08-10 14:08:56 -0700 | Document signed by Lance Jenkins (sirjinx07@gmail.com) with drawn signature. - 75.169.29.18 |
| 2018-08-10 14:05:19 -0700 | Document viewed by Lance Jenkins (sirjinx07@gmail.com). - 75.169.29.18 |
| 2018-08-10 12:36:21 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online
activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; AND SCOTT ZINN; individually and on behalf of other similarly situated, | CASE NO. 8:16cv381-JFB-SMB |
| Plaintiffs, | **DECLARATION OF CLEVE KARRICK** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

I, Cleve Karrick, under oath state and declare as follows:

1.     I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.     I am 66 years old. I have been an employee of Union Pacific since December 2004, most recently as a Telecommunications Technician.

3.     On or about April 1, 2013, I suffered from a stroke.  My medical records contain information about these events.

4.     My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating physician cleared me to return to work.

5.     On or about June 2015, Union Pacific required me to undergo a fitness for duty evaluation after a manager referral.  During this process, Union Pacific requested my medical records.

6.     On or about August 2015, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions

1

prohibited me from: operating company vehicles, on-track or mobile equipment, fork-lifts, golf carts, or ATVs; work on or near moving trains, freight cars or locomotives, unless protected by barriers; operating cranes, hoists, or machinery; work at unprotected heights over 4 feet and no operation of any vehicles on company property.

7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.     Union Pacific continues to refuse to return me to work.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: 08/08/2018

_____
Cleve Karrick

2

# Signature Certificate



🔒 **Document Reference:** HEKDCJINRK656JN4II5FCL



**Cleve Karrick**
Party ID: TMSXNRIU94V97XCUE69T4T
IP Address: 72.169.96.187

VERIFIED EMAIL: patphnman@gmail.com

Electronic Signature:

*Cleve Karrick*

| Multi-Factor Digital Fingerprint Checksum | 7a8754e8bae3ebc76b353229df6efc67921dfe13 |



| Timestamp | Audit |
|---|---|
| 2018-08-08 12:08:37 -0700 | All parties have signed document. Signed copies sent to: Cleve Karrick and Sherick Francois. |
| 2018-08-08 12:08:37 -0700 | Document signed by Cleve Karrick (patphnman@gmail.com) with drawn signature. - 72.169.96.187 |
| 2018-08-08 12:06:28 -0700 | Document viewed by Cleve Karrick (patphnman@gmail.com). - 72.169.96.187 |
| 2018-08-08 12:02:06 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

CASE NO. 8:16cv381-JFB-SMB

       Plaintiffs,

**DECLARATION OF**
**KENT KIRK**

v.

UNION PACIFIC RAILROAD COMPANY,

       Defendant.

---

I, Kent Kirk, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am fifty-three years old. I have been an employee of Union Pacific since 2006, most recently as a Locomotive Engineer.

3.      I have color vision deficiency. My medical records and clinical tests result in Union Pacific's possession, including results for the Ishihara Test for Color Deficiency, contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, I have passed Union Pacific's color vision testing each time I completed my FRA recertification in the past, until Union Pacific recently changed its color vision testing protocol to use a "Light Cannon" test. Further, I have worked for Union Pacific for many years without incident. In addition, I have been medically cleared to return to work by my ophthalmologist, Dr. Craig Newland of Eyecare Associates of Parsons, Kansas.

1

5.      On or about July 2016, Union Pacific required me to undergo a fitness for duty evaluation as part of my routine FRA recertification.

6.      On or about July 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from working in any job that requires FRA certification.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      I had excellent records for safety and driving as an engineer for Union Pacific. As a result, I was selected by management on multiple occasions to drive so-called "passenger specials," in which I would be assigned to drive a train containing high ranking Union Pacific officials as passengers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated:  August __10__, 2018

_____
Kent Kirk

2

# Signature Certificate



 **Document Reference:** `ZFE8ABIWNK7YM27RPJ9UXU`



**Kirk Kent**
Party ID: VZCXVKIH9IDSPUUD6T7FPH
IP Address: 184.2.112.181

| VERIFIED EMAIL: | captain999_999@hotmail.com |



| Multi-Factor Digital Fingerprint Checksum | `1415fb1c210e61302503fd4b0ffb9afc843d9929` |  |

| **Timestamp** | **Audit** |
|---|---|
| 2018-08-11 04:41:22 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Kirk Kent, and Daniel Burnett. |
| 2018-08-11 04:41:21 -0700 | Document signed by Kirk Kent (captain999_999@hotmail.com) with drawn signature. - 184.2.112.181 |
| 2018-08-11 04:37:08 -0700 | Document viewed by Kirk Kent (captain999_999@hotmail.com). - 184.2.112.181 |
| 2018-08-10 14:27:13 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |

 This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

          Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

          Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF EDWARD KOCI**

I, Edward Koci, under oath state and declare as follows:

1.     I make this Declaration on personal knowledge, and I am competent to testify as to the matters state herein.

2.     I am 42 years old. I have been an employee of Union Pacific since January 2011, most recently as an Signal Maintainer.

3.     On or about August 2016, I suffered a stroke. To the best of my knowledge, my medical records contain information about my condition.

4.     My medical status did not prevent me from performing my job at Union Pacific. In fact, after a period of recovery, my treating physician has cleared me to return to work without restrictions.

5.     On or about September 2017, after I'd recovered, Union Pacific required me to undergo a fitness for duty evaluation in order to return to work. During this process, Union Pacific requested my medical records.

1

6.     On or about January 2018, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from: operation of company vehicles, on-track, or mobile equipment, or fork lifts; operation of cranes, hoists or machinery; work on or near moving trains, freight cars or locomotives; work requiring critical decision making; work without required medical equipment; work at unprotected heights over 4 feet; work on 1-man or 2-man gangs.

7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.     Union Pacific continues to refuse to return me to work.

9.     I now work in the same position for another railroad. My current workplace is aware of my condition. In addition, I have a commercial driver's license and was approved for renewal three times following my stroke.

I declare under penalty of perjury under the laws of the United States that the foregoing Declaration is true and correct.


Date: 08/09/2018                          _____
                                          Edward Koci

2

# Signature Certificate

 Document Reference:   2BM4H9IBR5LMLN7R4WSF2Z





**Edward Koci**
Party ID: WNGAJ3J7G5EZGIG82C7LYR
IP Address: 184.59.79.146

| VERIFIED EMAIL: | koci75@yahoo.com |



Multi-Factor
**Digital Fingerprint Checksum**    `f99b5be02074c43bd301596a66ef8a9a3b2f9fd4`



| Timestamp | Audit |
|---|---|
| 2018-08-09 14:43:16 -0700 | All parties have signed document. Signed copies sent to: Edward Koci and Sherick Francois. |
| 2018-08-09 14:43:15 -0700 | Document signed by Edward Koci (koci75@yahoo.com) with drawn signature. - 184.59.79.146 |
| 2018-08-09 14:42:28 -0700 | Document viewed by Edward Koci (koci75@yahoo.com). - 184.59.79.146 |
| 2018-08-09 14:42:07 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

        Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

        Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF**
**HANS LOEHER**

I, Hans Loeher, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 69 years old. I have been an employee of Union Pacific since 2004, most recently as a Through Freight Conductor.

3.      I have color vision deficiency. My medical records and clinical test results in Union Pacific's possession, including results for the Ishihara Test for Color Deficiency, contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, I disclosed my condition to Union Pacific in 2003, prior to being hired as a conductor, and I have worked for Union Pacific for many years without incident. I also passed Union Pacific's color vision testing each time I completed my FRA recertification in the past, until Union Pacific recently changed its color vision testing protocol to use a "Light Cannon" test.

1

5.     On or about October 2014, Union Pacific required me to undergo a fitness for duty evaluation as part of my FRA certification process.

6.     On or about October 2014, Union Pacific placed medical restrictions on me, despite the fact that no physician employed by Union Pacific ever examined or treated me. The restrictions prohibited me from working in any job that requires FRA certification.

7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.     As a result of Union Pacific's actions, I was forced into early retirement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Dated:  08/15/2018_____, 2018                     _____

                                                     Hans Loeher

2

# Signature Certificate

 Document Reference:  GG3XA8JJ3JKZMB88IG2B7Z





**Hans Loeher**
Party ID: 28CCNWI2Y5G97HXLMH7Y3M
IP Address: 99.21.72.227

VERIFIED EMAIL:  hansloeher@sbcglobal.net



Multi-Factor
**Digital Fingerprint Checksum**   7350b23e12e67545ea4aa33a1149849e242834c4



| Timestamp | Audit |
|-----------|-------|
| 2018-08-15 12:31:27 -0700 | All parties have signed document. Signed copies sent to: Hans Loeher and Sherick Francois. |
| 2018-08-15 12:31:25 -0700 | Document signed by Hans Loeher (hansloeher@sbcglobal.net) with drawn signature. - 99.21.72.227 |
| 2018-08-15 12:29:06 -0700 | Document viewed by Hans Loeher (hansloeher@sbcglobal.net). - 99.21.72.227 |
| 2018-08-15 12:28:40 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

            Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

            Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
ANTHONY MALONE**

I, Anthony Malone, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 35 years old. I have been an employee of Union Pacific since October 2006, most recently as a Trainman.

3.      On or about December 2016, I underwent arthroscopic labrum repair surgery on my shoulder. My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating physician cleared me to return to work.

5.      On or about March 2017, Union Pacific required me to undergo a fitness for duty evaluation following my recovery. During this process, Union Pacific requested my medical records.

6.      On or about May 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited

1

me from working as a trainman or conductor, climbing vertical ladders on rail cars, or riding on rail car ladders during shoving maneuvers.

7.      During the period between when Union Pacific initiated a fitness for duty evaluation and when I received the work restrictions, Union Pacific did not allow me to return to my job.

8.      I have since returned to work as a Conductor.  Union Pacific refuses to return me to work as a Trainman, which has been my position for the majority of my career.

9.      On or around April 24, 2017, I recorded and uploaded to YouTube.com a video in which I demonstrate my physical capabilities. The video is located at this link: https://www.youtube.com/watch?v=uxlOLSlOWvo&feature=youtu.be.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: 08/09/2018 _____      _____

Anthony Malone

2

# Signature Certificate



🔒 **Document Reference:**  CGJPSMJ6H4LNRAPCL4HF45



**Anthony Malone**
Party ID: USV56SI7UJM2N83KGDACU6
IP Address: 174.215.11.55

VERIFIED EMAIL:  bigcanofblackbeans@gmail.com

Electronic Signature:



Multi-Factor
**Digital Fingerprint Checksum**   72fb805fe1b7be92059ec24ae748ea08af3f2bde



| Timestamp | Audit |
| --- | --- |
| 2018-08-09 14:09:04 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Anthony Malone, and Daniel Burnett. |
| 2018-08-09 14:09:04 -0700 | Document signed by Anthony Malone (bigcanofblackbeans@gmail.com) with drawn signature. - 174.215.11.55 |
| 2018-08-09 14:07:29 -0700 | Document viewed by Anthony Malone (bigcanofblackbeans@gmail.com). - 174.215.11.55 |
| 2018-08-09 14:03:39 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online
activity executing this contract.

**Page 1 of 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

---

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

                Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

---

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF**
**RICHARD MAYER**

I, Richard Mayer, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 59 years old. I have been an employee of Union Pacific since 1994, most recently as an Engineer.

3.      I have automatic implantable cardioverter defibrillator, congestive heart failure, and a heart murmur, among others. My medical records contain information about my conditions.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my conditions were disclosed to UP and completely controlled. My treating physician cleared me to return to work, and I have lived with the conditions for many years without any incident.

5.      On or about August 2017, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

1

6.      On or about August 22, 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from operating company vehicles; operation of cranes, hoists, or machinery; work on or near moving trains, freight cars, or locomotives; work without adherence to HMS protocol; and work at unprotected heights over four feet.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      On or about 2005, a Union Pacific doctor told me that only way I could continue to work at Union Pacific was to have a defibrillator implanted. Dr. Holland later removed me from my job because of my defibrillator.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated: __08/09/2018_____          _Richard Mayer_____

                                        Richard Mayer

# Signature Certificate



 Document Reference: TSJKGFJNC56X33FP37YMST



**Richard Mayer**
Party ID: 6B2F2KJC23I5P2SF27MT88
IP Address: 174.71.18.120

| VERIFIED EMAIL: | mayersring@aol.com

Electronic Signature:

*Richard Mayer*

| Multi-Factor Digital Fingerprint Checksum | a6825558877a999a0ab705d4cb77a35324936804 |  |

| **Timestamp** | **Audit** |
| --- | --- |
| 2018-08-09 10:23:18 -0700 | All parties have signed document. Signed copies sent to: Richard Mayer and Sherick Francois. |
| 2018-08-09 10:23:16 -0700 | Document signed by Richard Mayer (mayersring@aol.com) with drawn signature. - 174.71.18.120 |
| 2018-08-09 10:21:43 -0700 | Document viewed by Richard Mayer (mayersring@aol.com). - 174.71.18.120 |
| 2018-08-09 10:11:08 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

CASE NO. 8:16cv381-JFB-SMB

Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

**DECLARATION OF
BRENT MCDONALD**

I, Brent McDonald, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am fifty years old. I have been an employee of Union Pacific since 2004, most recently as a Conductor.

3.      I have an eye condition called keratoconus.  I was diagnosed with this condition in 2014. My medical records contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my ophthalmologist Dr. Calvin Eshbaugh medically cleared me to return to work without restriction. Further, I own and wear glasses and contact lenses that correct the defects in my vision.

5.      On or about January 2015, Union Pacific required me to undergo a fitness for duty evaluation after I took a leave of absence to get a prescription for corrective lenses. During this process, Union Pacific requested my medical records.

1

6.     On or about July 2015, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from working on or near moving trains, freight cars, or locomotives, operating company vehicles, operating cranes, hoists, or other machinery, working at unprotected heights over four feet, performing work in any position that requires FRA certification.

7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.     Union Pacific continues to refuse to return me to work.

9.     After being held out of service, I also applied for disability benefits through the Railroad Retirement Board, but because I was medically cleared to return to work my application was denied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Dated:   August  10 , 2018

Brent McDonald

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

CASE NO. 8:16cv381-JFB-SMB

Plaintiffs,

**DECLARATION OF
STAN MENDRUN**

v.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

I, Stan Mendrun, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as
to the matters stated herein.

2.      I am fifty-eight years old. I have been an employee of Union Pacific since 1979,
most recently as a Conductor.

3.      I have an eye condition called Central Serous Retinopathy ("CSR"). My medical
records contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific.
In fact, my treating physician has medically cleared me to return to work without restrictions.
Further, I worked as a conductor for Union Pacific for at least fifteen years with CSR without
incident. Because Union Pacific administered a vision test every time I renewed my FRA
certification, Union Pacific was aware of my condition for most of that period.

1

5.     On or about April 2016, Union Pacific required me to undergo a fitness for duty evaluation as part of my routine FRA recertification. During this process, Union Pacific requested my medical records.

6.     On or about April 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from working in any job that requires FRA certification.

7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.     Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Dated:  August 13____, 2018          _____

                                     Stan Mendrun

# Signature Certificate



 Document Reference:  AWWM72JFTI6JEHJEKRJTXB



**Stan Mendrun**
Party ID: 7FSHJIJL42ARND7JICWK63
IP Address: 99.104.241.51

VERIFIED EMAIL: so.blessed@hotmail.com



| Multi-Factor<br>Digital Fingerprint Checksum | fcbe1ad65324cd885128613c4967be06b3eb35aa |  |
|---|---|---|

| Timestamp | Audit |
|---|---|
| 2018-08-16 14:20:50 -0700 | All parties have signed document. Signed copies sent to: Sherick Francois, Neil Pederson, Stan Mendrun, and Daniel Burnett. |
| 2018-08-16 14:20:49 -0700 | Document signed by Stan Mendrun (so.blessed@hotmail.com) with drawn signature. - 99.104.241.51 |
| 2018-08-11 07:24:07 -0700 | Document viewed by Stan Mendrun (so.blessed@hotmail.com). - 99.104.241.51 |
| 2018-08-10 12:40:32 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

        Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

        Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
DAVID MEZA**

I, David Meza, under oath state and declare as follows:

      1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

      2.      I am forty-five years old. I have been an employee of Union Pacific since 1996, most recently as a Carman.

      3.      On or about June 2016, I was in a motorcycle accident resulting in traumatic brain injury. My medical records contain information about these events.

      4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating physicians have medically cleared me to return to work without restriction.

      5.      On or about February 2017, Union Pacific required me to undergo a fitness for duty evaluation During this process, Union Pacific requested my medical records.

      6.      On or about February 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from operating company vehicles and equipment, working on or near moving

1

trains, freight-cars, and locomotive unless protected by barriers, operating cranes, hoists, and other machinery, working at unprotected heights above four feet, performing work involving active control of trains or equipment, and working in a position where my decisions or actions could affect the safety of others or have a significant impact on business operation.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      Since being held out of service by Union Pacific, I have worked as a carman for a passenger train in California, where my duties are substantially similar to my duties as they were for Union Pacific. After being held out of service, I also applied for disability benefits through the Railroad Retirement Board, but because I was medically cleared to return to work my application was denied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated:  August 10 , 2018

David Meza
David Meza

2

# Signature Certificate



 Document Reference: DS4MN3I3J2KKW7DZXWKZL3



David Meza
Party ID: SJFUAKITE56SUSSVAKHTJK
IP Address: 104.173.49.54

| VERIFIED EMAIL: | umembermeza@yahoo.com

Electronic Signature:

*David Meza*

Multi-Factor
**Digital Fingerprint Checksum**   `32551e73ee4b7494f5a69fd16bf11b0e5887d771`



| Timestamp | Audit |
|---|---|
| 2018-08-10 20:35:31 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, David Meza, and Daniel Burnett. |
| 2018-08-10 20:35:31 -0700 | Document signed by David Meza (umembermeza@yahoo.com) with drawn signature. - 104.173.49.54 |
| 2018-08-10 20:12:34 -0700 | Document viewed by David Meza (umembermeza@yahoo.com). - 104.173.49.54 |
| 2018-08-10 12:43:48 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online
activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

                Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
MICHAEL MOORE**

I, Michael Moore, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 37 years old. I have been an employee of Union Pacific since 2005, most recently as an Engineer.

3.      I have Epilepsy. My medical records contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, the condition had previously been disclosed to UP, the condition is completely controlled through medication, my treating physician cleared me to return to work; and I have lived with the condition for many years without incident.

5.      On or about July 2016, Union Pacific required me to undergo a fitness for duty evaluation as part of my Engineer license renewal. During this process, Union Pacific requested my medical records.

1

6.      On or about August 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibit me from operating cranes, hoists, fork-lifts, company vehicles, and mobile equipment. In addition, the restrictions prohibit me from operating any machinery, and from working on or near moving trains, freight cars, or locomotives.  The restrictions further prohibit me from work at unprotected heights above 4 feet.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      Since Union Pacific held me out of service, I've been denied disability benefits because my own personal doctor has cleared me to return to work and despite the fact Union Pacific refuses to reinstate me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: ___8/08/2018_____          _____
                                  Michael Moore

2

# Signature Certificate

 **Document Reference:** B8GAJ8JE4I3C5M66JD4AWA





**Michael Moore**
Party ID: 3L4LNAIS5KEBTFLNVS3DD5
IP Address: 107.77.222.203

**VERIFIED EMAIL:** mscottm_81@yahoo.com



| Multi-Factor Digital Fingerprint Checksum | 8bb65e2812e8d7cad6e67ead5fbb243e01ef1d6f |  |

| Timestamp | Audit |
|-----------|-------|
| 2018-08-08 16:20:15 -0700 | All parties have signed document. Signed copies sent to: Michael Moore and Sherick Francois. |
| 2018-08-08 16:20:15 -0700 | Document signed by Michael Moore (mscottm_81@yahoo.com) with drawn signature. - 107.77.222.203 |
| 2018-08-08 16:18:56 -0700 | Document viewed by Michael Moore (mscottm_81@yahoo.com). - 107.77.222.203 |
| 2018-08-08 16:17:46 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

CASE NO. 8:16cv381-JFB-SMB

Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

**DECLARATION OF
BARRY PARKER**

I, Barry Parker, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 56 years old. I have been an employee of Union Pacific since 2002, most recently as a Shift Night Top Foreman - Conductor.

3.      I have chronic heart disease with periods of angina. My medical records contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my angina is controlled through medication and my doctor cleared me to work with no restrictions.

5.      On or about July 2015, Union Pacific required me to undergo a fitness for duty evaluation after I had shortness of breath while at work. During this process, Union Pacific requested medical records related to my condition and prescription medications.

1

6.      On or about January 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from lifting; driving; operating cranes, hoists, and machinery; working at unprotected heights over 4 feet; and working on or near moving trains, freight cars, or locomotives.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: 8/13/18

BARRY PARKER
Barry Parker

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

                    Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

                    Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF**
**TIM POWELL**

I, Tim Powell, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am forty-eight years old. I have been an employee of Union Pacific since 2012, most recently as a Carman.

3.      On or about August 2016 I was in a motorcycle accident that resulted in a traumatic brain injury. My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating physician has medically cleared me to return to work without restrictions.

5.      On or about November 2016, Union Pacific required me to undergo a fitness for duty evaluation. During this process, Union Pacific requested my medical records.

6.      On or about December 2016, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from operating company vehicles and equipment, working on or near moving

1

trains, freight-cars, and locomotive unless protected by barriers, operating cranes, hoists, and other machinery, working at unprotected heights above four feet, performing work involving active control of trains or equipment, and working in a position where my decisions or actions could affect the safety of others or have a significant impact on business operation.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.


Dated: August __10__, 2018                              _____
                                                        Tim Powell

# Signature Certificate



 **Document Reference:** YMAMUUJVLILH8AY82272K9



**Tim Powell**
Party ID: SEE5PEIYI2J7PCH2TU4IT8
IP Address: 174.212.25.37

| VERIFIED EMAIL: | 1970tp@gmail.com |



| Multi-Factor<br>**Digital Fingerprint Checksum** | 35617c1d714db2d75180e2749d8955cef012df7c |



| **Timestamp** | **Audit** |
|---|---|
| 2018-08-10 17:38:39 -0700 | All parties have signed document. Signed copies sent to: Sherick Francois, Neil Pederson, Tim Powell, and Daniel Burnett. |
| 2018-08-10 17:38:39 -0700 | Document signed by Tim Powell (1970tp@gmail.com) with drawn signature. - 174.212.25.37 |
| 2018-08-10 17:32:49 -0700 | Document viewed by Tim Powell (1970tp@gmail.com). - 174.212.25.37 |
| 2018-08-10 12:46:55 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

                Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
ALLEN PRUITT**

I, Allen Pruitt, under oath state and declare as follows:

1. I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2. I am sixty years old. I have been an employee of Union Pacific since 1978, most recently as an Engineer.

3. I have diabetic retinopathy. I was diagnosed with this condition in 2006. My medical records contain information about my condition.

4. My medical status did not prevent me from performing my job at Union Pacific. In fact, even after my initial diagnosis in 2006, I was recertified three times under the Federal Railroad Administration recertification process.

5. On or about November 2015, Union Pacific required me to undergo a fitness for duty evaluation as part of my FRA certification. During this process, Union Pacific requested medical records.

1

6.     On or about December 2015, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from driving; operating cranes, hoists, or machinery; from work at unprotected heights over 4 feet; and from work on or near moving trains, freight cars or locomotives.

7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.     Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated: ___8/2/18___, 2018                    _____
                                             Allen Pruitt

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| QUINTON HARRIS; JOHN BAKER; GEOFFREY MILLER; NORMAN MOUNT; THOMAS TAYLOR; AND SCOTT ZINN; individually and on behalf of other similarly situated, | CASE NO. 8:16cv381-JFB-SMB |
| Plaintiffs, | **DECLARATION OF RAYMUNDO RIVERA** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, | |
| Defendant. | |

I, Raymundo Rivera, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am 41 years old. I have been an employee of Union Pacific since November 2010, most recently as a Locomotive Electrician.

3.      On or about December 2016, I sustained injuries to my head, which required surgery. My medical records contain information about these events.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, my treating physician and neurosurgeon cleared me to return to work.

5.      On or about February 2017, Union Pacific required me to undergo a fitness for duty evaluation in order to return to work. During this process, Union Pacific requested my medical records.

6.      On or about February 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions

1

prohibited me from operating vehicles, fork-lifts, and locomotives, being around moving equipment or tracks, performing work where decisions or actions can impact the safety of others or have a significant impact on business operations, and working more than 4 feet off the ground.

7.     Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8.     Union Pacific continues to refuse to return me to work.

9.     I now work for another railroad, doing the same thing I did for UP.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Date: ___08/10/2018___                    _____
                                          Raymundo Rivera

2

# Signature Certificate

 Document Reference: I4FJGKJXKJSG9Y3ZDPKLWT





**Raymundo Rivera**
Party ID: P687VWJ87KHR7PEPMH42ZX
IP Address: 107.77.196.49

VERIFIED EMAIL: ray_rayrivera@hotmail.com



| Multi-Factor<br>Digital Fingerprint Checksum | 84132b84109a2d06ffe14eff267ff7cdf10ae5d9 |  |
| --- | --- | --- |

| Timestamp | Audit |
| --- | --- |
| 2018-08-10 10:47:30 -0700 | All parties have signed document. Signed copies sent to: Neil Pederson, Sherick Francois, Raymundo Rivera, and Daniel Burnett. |
| 2018-08-10 10:47:29 -0700 | Document signed by Raymundo Rivera (ray_rayrivera@hotmail.com) with drawn signature. - 47.37.86.164 |
| 2018-08-10 10:14:51 -0700 | Document viewed by Raymundo Rivera (ray_rayrivera@hotmail.com). - 107.77.196.49 |
| 2018-08-10 10:04:16 -0700 | Document created by Daniel Burnett (dburnett@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

                Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
ROB CORRINGTON**

I, Rob Corrington, under oath state and declare as follows:

1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

2.      I am sixty-one years old. I have been an employee of Union Pacific since 1989, most recently as an Locomotive Engineer.

3.      I have color vision deficiency. My clinical test results in Union Pacific's possession, including the Ishihara Test for Color Deficiency, contain information about my condition.

4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, for many years I have passed Union Pacific's color vision testing, each time I completed my past FRA recertifications, until Union Pacific recently changed its color vision testing protocol to use a "Light Cannon" test. Further, I have worked with color deficiency for my entire career with Union Pacific without any safety incident.

1

5.    On or about March 2017, Union Pacific required me to undergo a fitness for duty evaluation as part of my routine FRA recertification.

6.    On or about March 2017, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited me from working in any job that requires FRA certification.

7.    Union Pacific refused to accommodate the restrictions that it imposed on me. As a result, Union Pacific would not allow me to return to my job.

8 .    Union Pacific continues to refuse to return me to work.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Dated: August 10 , 2018

Rob Corrington

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

QUINTON HARRIS; JOHN BAKER;
GEOFFREY MILLER; NORMAN MOUNT;
THOMAS TAYLOR; AND SCOTT ZINN;
individually and on behalf of other similarly
situated,

                Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY,

                Defendant.

CASE NO. 8:16cv381-JFB-SMB

**DECLARATION OF
BRIAN SORENG**

I, Brian Soreng, under oath state and declare as follows:

      1.      I make this Declaration on personal knowledge, and I am competent to testify as to the matters stated herein.

      2.      I am 42 years old. I have been an employee of Union Pacific since May 2004, most recently as a Locomotive Engineer.

      3.      On or about October 2007, I suffered a seizure at work.  My medical records contain information about these events.

      4.      My medical status did not prevent me from performing my job at Union Pacific. In fact, by October 23, 2007, both my physician and neurologist returned me to work without restriction.  I continued to work for many years without incident.

      5.      On or about May 2015, seven years after my seizure, Union Pacific removed me from service.  During this process, Union Pacific requested my medical records.

      6.      On or about June 2015, Union Pacific placed medical restrictions on me, despite the fact that no Union Pacific physician ever examined or treated me. The restrictions prohibited

1

me from: operation of Company vehicles, on-track or mobile equipment, and forklifts; operation

of cranes, hoists, or machinery; work on or near moving trains, freight cars or locomotives; work

without adherence to HMS Protocol; and work at unprotected heights over 4 feet.

7.      Union Pacific refused to accommodate the restrictions that it imposed on me. As a

result, Union Pacific would not allow me to return to my job.

8.      Union Pacific continues to refuse to return me to work.

9.      I now work for another railroad.  I've disclosed my medical records to that

railroad and have been approved as safe to work.

I declare under penalty of perjury and under the laws of the United States of America that

the foregoing Declaration is true and correct.

Date_____8/08/2018_____                    _____

                                                 Brian Soreng

2

# Signature Certificate

 **Document Reference:** `FGPKUJIIK4FMC4K3BH7FHE`





**Brian Soreng**
Party ID: F4D3TGJ5EKGJHSU99PPEFY
IP Address: 107.77.207.39

VERIFIED EMAIL: raildog1337@aol.com



| Multi-Factor Digital Fingerprint Checksum | `f1dcb0759e8f1aeda11cfb4a55e71ce9ae22f928` |  |

| Timestamp | Audit |
|---|---|
| 2018-08-08 16:04:01 -0700 | All parties have signed document. Signed copies sent to: Brian Soreng and Sherick Francois. |
| 2018-08-08 16:04:01 -0700 | Document signed by Brian Soreng (raildog1337@aol.com) with drawn signature. - 107.77.207.39 |
| 2018-08-08 15:44:51 -0700 | Document viewed by Brian Soreng (raildog1337@aol.com). - 107.77.207.39 |
| 2018-08-08 15:44:42 -0700 | Document created by Sherick Francois (sfrancois@nka.com). - 207.250.239.174 |



This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**