IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| QUINTON HARRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>    Defendant. | **8:16CV381**<br><br>**SIXTH AMENDED FINAL PROGRESSION ORDER** |

  THIS MATTER is before the Court on the parties' Joint Motion for Extension of Deadlines. (Filing No. 356.)  The motion is granted.  Accordingly,

  IT IS ORDERED that the provisions of the Court's previous Final Progression Orders remain in effect, and in addition to those provisions, shall be amended as follows:

1)  The trial and pretrial conference will not be set at this time.  A status conference to discuss **case progression and the parties' interest in settlement** will be held with the undersigned magistrate judge by telephone on **February 1, 2021** at **11:00 a.m.**  Counsel shall use the conferencing instructions assigned to this case to participate in the conference.  (Filing No. 348.)

2)  The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is **January 13, 2021**. Motions to compel written discovery under Rules 33, 34, 36 and 45 must be filed by **January 27, 2021**.

  **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3)  The deadlines for plaintiff(s) to identify new expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is **December 22, 2020**.

4)  The deadlines for plaintiff(s) to complete expert disclosures[1] for all new experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is **December 22, 2020**.

  The deadline for defendant(s) to serve any new reports is **January 21, 2021**.

  The deadline for plaintiff(s) to serve any expert reports in rebuttal to those served by defendant(s) after January 7, 2021 is **February 4, 2021.**

5)  The non-expert deposition deadline, including but not limited to depositions for oral

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

testimony only under Rule 45, is **February 12, 2021**. The expert deposition deadline is **March 1, 2021.**

6) <u>Discovery Limits</u>: The parties agree that the following limits will apply to discovery going forward:

   a) Each party is limited to serving 15 interrogatories on the opposing party; and

   b) Each party is limited to 5 depositions of witnesses who have not already been deposed in this case.

7) The deadline for filing motions to dismiss and motions for summary judgment is **February 22, 2021**. The responding party will have one (1) month to respond, after which the filing party will have two (2) weeks to reply.

8) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **March 26, 2021**.

9) Pretrial and Trial: Within (14) days of the Court's issuance of an order on summary judgment, or alternatively by March 2, 2021, if no party files for summary judgment, the parties agree to meet and confer and contact the Court for a scheduling conference to address pretrial, trial and other related deadlines.

10) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

11) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 23rd day of November, 2020.

                                                 BY THE COURT:

                                                 s/ Susan M. Bazis
                                                 United States Magistrate Judge